IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE M. MOREHEAD, | ) Case No. C 14-5475 PSG (PR) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| DAVE DAVEY, Warden, | ) |
| Respondent. | ) |

    Jesse M. Morehead, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 9, 2014, the court dismissed the petition with leave to amend, and directed Morehead to file an amended petition within thirty days to clarify upon what ground or grounds Morehead is challenging his disciplinary conviction.  The court instructed Morehead also to inform the court whether his state habeas petition to the California Supreme Court has been resolved, and if so, the date upon which the California Supreme Court issued its order.   Morehead was advised that in a habeas petition, a petitioner must specify all the grounds for relief available and state the facts supporting each ground.[1]  A prime purpose that habeas petitioners plead with particularity is to assist the district court in determining whether

---

[1] *See Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity).

Case No. C 14-5475 PSG (PR)
ORDER OF DISMISSAL

the state should be ordered to show cause why the writ should not be granted.[2] Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.[3] Morehead was cautioned that his failure to file his amended petition within thirty days in conformity with the court's order would result in the dismissal of this action.

On April 21, 2015, Morehead filed a response in which he indicated that he was requesting "compensation funds" for a wrongful charge and restoration of time credits. He states that he is innocent until proven guilty and that his *Miranda* rights were violated. Morehead's response fails to provide any factual support even for his *Miranda* allegation. In addition, Morehead fails to mention whether his California Supreme Court petition has been resolved.

In sum, Morehead's response fails to comply with the court's previous order directing him to clearly state the grounds for habeas relief challenging either an underlying state court criminal conviction or the legality of his confinement. In addition, Morehead failed to set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California.

For the foregoing reasons, the case is DISMISSED without prejudice.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.[4] Morehead has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[5]

Accordingly, a COA is DENIED.

---

[2] *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[3] *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

[4] *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

[5] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Case No. C 14-5475 PSG (PR)
ORDER OF DISMISSAL

1 | IT IS SO ORDERED.

2 | DATED: 6/2/2015

       *[signature]*
PAUL S. GREWAL
United States Magistrate Judge

Case No. C 14-5475 PSG (PR)
ORDER OF DISMISSAL